UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES M. BUSH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of the Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. CV 04-04090 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

　　　　　Plaintiff, age 54 and 10 months at the time of the publication of the Administrative Law Judge's decision, asserts that the Administrative Law Judge erred under 20 C.F.R. § 416.963(b) by not considering her condition as if she already had turned

55. At 55, but not at 54, Plaintiff would have been considered disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404 Subpart P, Appendix II. *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir. 1988), instructs that "[l]ine drawing is reasonable and in accordance with the express language and purpose of these regulations." A line has to be drawn somewhere and the Administrative Law Judge was not required here to shift the line.

Plaintiff argues that her case, unlike *Russell*, truly is a borderline case, because she was so much closer to the line. But that misses the import of the decision and the regulation. What defines a borderline case is not just the closeness to the line, for otherwise the line simply has been moved as, for example, from 55 to 54 and six months; then the same issue arises at age 54 and three months. What invokes the Administrative Law Judge's obligation to exercise his discretion is a combination of closeness to the line ("a few days to a few months" in the words of the regulation), and evidence that would make it appropriate to consider the application under the next older age category, rather than the category in which a claimant actually falls.

Plaintiff points to nothing in the record which would have caused the Administrative Law Judge to consider Plaintiff's application under the 55-59 category, rather than the 50-54 category into which she fell. He references one event on February 14, 2003, when Plaintiff was injured a week before the Administrative Law Judge's decision was published, but gives no indication as to how that injury might have changed anything, even if it had been before the Administrative Law Judge, which it was not. He also points to a hospitalization in September 2003, seven months after the Administrative Law Judge made his decision, but again does not explain how this subsequent event should have caused the Administrative Law Judge to have acted any differently. The only thing before the Administrative Law Judge on this point was counsel's request that the Administrative Law Judge delay his decision in the case so that Plaintiff could become eligible for benefits by the mere passage of time, and the Administrative Law Judge appropriately rejected this cynical view of his obligation. [AR 294]

1  Different counsel did request the Appeals Council to review the decision
2 based on the subsequent events. The Appeals Council determined that these two matters
3 gave no basis for changing the decision. [AR 5-6] Thus, to the extent that the
4 Commissioner was required to consider these post-hearing matters and determine whether
5 she therefore should exercise her discretion to move Plaintiff into the next older age
6 category, the Commissioner did so, and declined to make the adjustment.

7  The decision is affirmed.
8  IT IS SO ORDERED.

10  DATED: August  26 , 2005

12                                         /s/
                                     RALPH ZAREFSKY
13                          UNITED STATES MAGISTRATE JUDGE